**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| GERALDINE McFADDEN, ) | 3:04-CV-0741-ECR-VPC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GREGORY KRAUSE, NANCY PEARL, ) | |
| CAROLYN ROBINSON, and ) | |
| REGIONAL TRANSPORTATION ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.   Procedural Background**

On October 14, 2005, Plaintiff Geraldine McFadden ("Plaintiff" or "McFadden") filed an Amended Complaint (#30) against Defendants Gregory Krause, Nancy Pearl, Carolyn Robinson, and Regional Transportation Commission ("Defendants" or "RTC") claiming violation of Due Process under 42 U.S.C. § 1983, violation of right to freedom of religion, violation of the ADEA, 29 U.S.C. § 623 et seq., violation of Title VII for Religious Discrimination, 42 U.S.C. § 2000, violation of the ADA, 42 U.S.C. § 12112, retaliation and the state law claims of defamation, intentional infliction of emotional distress, violation of NRS 613.075, assault and battery, retaliation, and intentional interference with prospective economic advantage. On November 1, 2005, Defendants filed a Partial Motion

to Dismiss (#33), based on Fed. R. Civ. P. 12(b)(6). The motion seeks to dismiss the claims in Count I, VI, VII, and XI. These Counts allege claims of violation of procedural due process, substantive due process, defamation, intentional infliction of emotional distress, and interference with prospective economic advantage. On November 21, 2005, Plaintiff responded (#35) and Defendant filed a reply (#36) on December 2, 2005. The motion (#33) is ripe, and we now rule on it.

**II.   Statement of Facts**

Plaintiff was employed by Defendant Regional Transportation Commission, a government agency, for eight years in its marketing department. In May of 2002, at the age of 40, she was given a promotion and a raise. Plaintiff claims that her position was no different from her old one except that she incurred more responsibilities which were impossible to manage.

As early as 1999, Defendant Nancy Pearl, Plaintiff's supervisor, requested that McFadden remove religious items from her desk area. McFadden had obliged to Pearl's requests. Pearl would frequently make inappropriate comments and curse "God Damn" even after repeated requests by Plaintiff for Pearl to stop using such offensive language. A co-worker, John McGrath, also kept a small statue of Jesus on his desk and Pearl made an offensive comment concerning the religious article which McFadden overheard and was offended by. McFadden also kept an article taped to her file drawer about the Ten Commandments litigation in Alabama. Pearl insisted that Plaintiff remove it. Pearl warned Plaintiff not to

2

tell anyone of the religious oriented comments. In May of 2003, McFadden posted in her office a cartoon which depicted a Catholic joke about Jesus Christ.  Plaintiff refers to twelve similar incidents where Pearl harassed Plaintiff because of her religion. Also in 2003, after Palm Sunday, when McFadden brought palm fronds from the Catholic church to her office, Pearl ordered the immediate removal of the fronds.  McFadden claims Pearl had the same reaction the previous Palm Sunday.

Pearl complained to Defendant Gregory Krause concerning Plaintiff's behavior.  Krause and RTC did not question Pearl's treatment of Plaintiff and never sought to investigate the matter. Plaintiff claims that Krause never investigated the matter because he sought to fire Plaintiff on the basis of her age.

McFadden was disciplined with a one week suspension without pay for leaving her computer turned on to the Internet when she was studying on her own time for a computer-based college course paid for by RTC.  She was thereafter placed on probation.

In March of 2003, McFadden was involved in a serious car accident.  In addition, McFadden was put on pain killers as a result of the accident in aid of her recovery.

On May 30, 2003, Plaintiff was directed by her supervisor, Carolyn Robinson, to check in to a mental health facility. Plaintiff was threatened with termination should she not comply with Robinson's orders.  McFadden was evaluated at the facility and immediately released.  However, even after her release, Krause, Robinson and RTC then tried to prevent McFadden from returning to work.

3

On June 30, 2003, Pearl attacked McFadden while she was using the copying machine. Pearl grabbed McFadden by the left elbow, spinning her around and, she claims, wrenching her shoulder, causing her great pain. Plaintiff complained to Krause about the behavior but Krause took no action against Pearl.

Plaintiff claims that during her time with RTC, she was regarded as disabled because she was suffering from mental complications and was on medication for such complications.

Plaintiff was terminated in August of 2003. Thereafter, Plaintiff filed discrimination charges with the EEOC and then attempted to gain new employment with the Washoe County Sheriff's department, a job, she claims, she was well qualified for. Plaintiff claims that Defendant RTC refused to give Washoe County Sheriff's Department her dossier thereby creating the false impression that there was something wrong with her files and causing her to lose the employment opportunity with the Washoe County Sheriff's office.

**III.  Discussion**

**A. Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S.

4

555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."  In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  Fed. R. Civ. P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment."  Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested"

5

and "the plaintiff's complaint necessarily relies on them." <u>Lee</u>, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted).  A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." <u>Ritchie</u>, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  <u>Id.</u> at 909; <u>see</u> Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").[1]

**B.   Evaluation of Claims**

    **1.   Violation of Rights under § 1983**

Defendants claim that Plaintiff's first cause of action, violation of rights under 42 U.S.C. § 1983 should be dismissed because she has failed to state a claim either for violation of her procedural due process rights or of her substantive due process rights.

---

[1] Defendants attached extraneous exhibits to their reply (#36). In this order the Court will not consider these documents. The Court is here considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  The Motion (#33) has not been converted to a motion for summary judgment.

6

### a. Procedural Due Process - Termination

Defendants claim that Plaintiff can state no facts that would entitle her to relief for a violation of her procedural due process rights. In order to state a claim for deprivation of procedural due process, Plaintiff must show (1) that she possessed a constitutionally protected property interest and (2) that she was deprived of that interest without due process of law. Perry v. Sindermann, 408 U.S. 593 (1972); Tennessee v. Dunlap, 426 U.S. 312 (1976); Board of Regents v. Roth, 408 U.S. 564 (1972).

Here, Plaintiff claims that she had a property interest in her employment with Defendants and that she was deprived of procedural rights of notice and a hearing before her termination.

The Supreme Court has recognized that whether a person has a sufficient interest in government employment to warrant a hearing under the due process clause of the Fourteenth Amendment is to be determined by reference to state law. Board of Regents v. Roth, 408 U.S. 564 (1972). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). A property interest can be created by ordinance, or by an implied contract. Bishop v. Wood, 426 U.S. 341, 344 (1976).

7

Plaintiff claims that she was placed first on probation for using the Internet while she was studying which prevented her from having a hearing when she was ultimately fired.

It is still difficult to discern from Plaintiff's Complaint what the exact violation of Due Process is claimed to be.  Either, Plaintiff claims that her due process rights were violated when she was placed on probation without notice or opportunity to respond or her due process rights were violated when she was ultimately fired in 2003 without notice or opportunity to respond.

In addition, it is still unclear whether Plaintiff had a property interest in her employment as either a permanent employee when her status was changed to a probationary employee or as a probationary employee.  As we held in our previous order, the Supreme Court has held that property interests are unique in that they are created by state law or by implied contract.  Roth, 408 U.S. at 577.  It is unclear as to whether Plaintiff may have had a property interest in her employment as either a permanent employee or as a probationary employee based on implied rights that she had.  Perry v. Sindermann, 408 U.S. 593 (1972) (although no explicit tenure system existed at the institution, a de facto tenure system did exist and that proof would entitle the plaintiff to a hearing).

As we stated in our previous order, we do not need to decide whether Plaintiff had a property right in her employment because Plaintiff failed in her Amended Complaint to plead the second element required to establish a cause of action for violation of procedural due process.  The second element is that the Plaintiff must prove that her property interest was deprived without due

8

process. Here, Defendants claim that Plaintiff, even as a probationary employee, was afforded procedures for challenging her termination. Defendants cite RTC Personnel Rules again to demonstrate that Plaintiff had the right to appeal the decision regarding her termination. Plaintiff again claims that appealing the decision would have been "futile."[2] However, such a statement is an unwarranted allegation and does not help to explain why procedural due process rights were not afforded in the appeal process should Plaintiff have chosen to appeal the termination decision.

### b. Procedural Due Process - Record Withholding

Plaintiff also claims that Defendants' refusal to give Plaintiff her employment records is a violation of procedural due process. Plaintiff claims that she has a liberty interest in seeking new and alternative employment and that Defendants deprived her of those records without due process of law.

In Roth, the Supreme Court held that a public employer could be held liable for a procedural due process violation for terminating an employee if the employer made a charge that "might seriously damage [the terminated employee's] standing and associations in his community" or "imposed on a [terminated employee] a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." Roth, at 573. The Court said that the requisite stigma could result from a

---

[2]Although Plaintiff claims that because of a Collective Bargaining Agreement, she had no grievance procedure, she still admits that an appeal would have been possible but claims she refused to appeal because such an appeal would have been futile.

9

1  charge of "dishonesty" or "immorality."  Id.  "Charges that
2  unfairly stigmatize must amount to accusations of dishonesty or
3  immorality."  Hyland v. Wonder, 972 F.2d 1129 (9th Cir. 1992);
4  LaForge v. Crowley, 1999 U.S. App. LEXIS 976, at *6-7 (9th Cir.
5  1999).  A liberty interest is established where the accuracy of a
6  charge of dishonesty or immorality is contested, the charge is made
7  public and the charge is made in connection with termination of the
8  employment.  Jones v. City of Phoenix, 1994 U.S. Dist. LEXIS 18522,
9  at *7 (D. Or. 1994).
10      Although Plaintiff claims that Defendants' refusal to give the
11 Washoe County Sheriff's Office her file created the sense that
12 there was something wrong with the file, Plaintiff fails to allege
13 any facts demonstrating that Defendants did anything that would
14 stigmatize the Plaintiff along the lines of charging Plaintiff with
15 dishonesty or immorality.  As we stated in our previous decision,
16 Plaintiff does not claim that Defendants made statements to Washoe
17 County Sheriff's Office that were false, and that her reputation
18 and employment opportunities were compromised because of those
19 statements.  She simply claims that a failure to turn over the
20 documents created the feeling that there was something wrong with
21 her dossier.  Without more, Plaintiff cannot prove that her liberty
22 interests were deprived.  Campanelli v. Bockrath 100 F.3d 1476 (9th
23 Cir. 1996)(holding that statements made by the employer to the
24 local news concerning the employees discharge raised significant
25 stigma to withstand a motion to dismiss); LaForge (former
26 employee's charges were properly dismissed where employee had not
27 alleged publication of the reasons for his non-re-appointment);
28                                 10

Haimowitz, 579 F.2d at 529 (holding plaintiff's liberty interest claim failed because he did not "allege that the University in any way publicized false, defamatory, or stigmatizing statements about him in connection with his termination. In fact, no reasons at all were ever made public.")

Because in our previous Order, we instructed Plaintiff on how to amend her Complaint to meet the requirements to plead a procedural due process claim and because Plaintiff has failed to meet those requirements, we find that leave to amend should not be granted with respect to this claim. Therefore, we will grant Defendants' motion to dismiss the claim of procedural due process on both the issue of the withholding of the personnel file and the decision to terminate Plaintiff.

### c.  Substantive Due Process

The Due Process Clause of the Fourteenth Amendment includes a substantive component that guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in and of themselves constitutionally adequate. Smith v. City of Fontana, 818 F.2d 1411 (9th Cir. 1987). Substantive due process is violated at the moment the harm occurs and, therefore, the existence of a post-deprivation state remedy does not have any bearing on whether a cause of action exists under 42 U.S.C. § 1983. Rutheford v. City of Berkely, 780 F.2d 1444, 1447 (9th Cir. 1986). To establish a violation of substantive due process, the Plaintiff must prove that the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or

11

general welfare.  <u>Village of Euclid v. Amber Realty Co.</u>, 272 U.S. 365, 395 (1926); <u>see</u> <u>Moore v. City of East Cleveland</u>, 431 U.S. 494, 498 n.6 (1977).  The court will look at such factors as the need for the governmental action in question, the relationship between the need and the action, the extent of the harm inflicted and whether the action was taken in good faith or for the purpose of causing harm. <u>Sinaloa Lake Owners Asso. v. Simi Valley</u>, 882 F.2d 1398, 1409 (9th Cir. 1989).

Plaintiff claims that Defendants violated her Fourteenth Amendment right to substantive due process by allowing Pearl to commit physical aggression against her and by forcing Plaintiff to enter a mental health institution against her will.

We find that Plaintiff's allegations as plead are sufficient to state a cause of action for violation of substantive due process under the Fourteenth Amendment.  Plaintiff has provided sufficient basis upon which a substantive due process claim would be plead both regarding Pearl's behavior and the involuntary confinement to the mental institutions.

The Supreme Court has held that mentally ill individuals have substantive due process rights during an involuntary commitment in a state institution. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 102 S.Ct. 2453, 2460 (1982).  Here, the actions of Defendants would seem unreasonable as plead in Plaintiff's Complaint especially in light of the fact that mentally ill patients have been afforded substantive due process rights before involuntary confinement.

Therefore, Defendants' Motion to Dismiss the claim of substantive due process violation will be denied.

12

**2.  Defamation**

Defendants allege that Plaintiff has failed to plead facts that would support a claim for defamation.

Under Nevada law, in order to establish a prima facie case for defamation, a plaintiff must prove: "(1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." Simpson v. Mars, 113 Nev. 188, 190 (Nev. 1997)(citing Chowdhry v. NLVH, Inc., 109 Nev. 478, 483 (1993)).  Here Plaintiff has failed to allege facts that show Defendants made a false or defamatory statement about her and thus Plaintiff's claim for defamation must be dismissed.

In her amended complaint, Plaintiff alleges that Defendants defamed her when Defendants removed McFadden from the workplace in front of her co-workers and forced her to enter a mental health facility, (2) the mental health center was intended to treat only addiction and substance abuse problems, and (3) Defendants precluded Plaintiff from returning to work for several days, thereby creating the impression that she did have mental problems.

In our previous Order, we explained to Plaintiff that her allegations of defamation were insufficient because she relied on actions taken by Defendants and not statements made (which is a requirement for a prima facie case of defamation).  Although Plaintiff has amended her Complaint to include different acts Defendants committed, Plaintiff still relies upon the *acts* of Defendants and not statements made about Plaintiff.

13

Plaintiff's only charge of a "statement" specifies: "Defendants RTC and Robinson seized upon this circumstance, and deliberately acted as though and made false statements to the effect that McFadden was mentally ill; although the [sic] knew of [sic] had reason to know that she was only [sic] on prescription pain drugs that could cause an appearance of sedation." In order to survive a motion to dismiss on a defamation claim, Plaintiff must put forth all the elements of a defamation claim including the specific statements, publication and fault. Lubin v. Kunin, 117 Nev. 107, 111 (2001). Plaintiff has failed to plead the specifics of any statements, which were published to third parties, as well as the element of fault.

As Plaintiff might be able to amend her Complaint to plead specific statements made by RTC and Robinson, when the statements were made, and to whom they were made, Plaintiff's claim of defamation is dismissed with leave to amend.

**3.  Intentional Infliction of Emotional Distress**

To recover for the intentional infliction of emotional distress, a plaintiff must establish the following elements: "(1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of the emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress." Nelson v. Las Vegas, 99 Nev. 548, 555, 665 P.2d 1141 (1983)(citing Star v. Rabello, 97 Nev. 124, 625 P.2d 90 (1981)).

14

Plaintiff has failed to comply with the instructions contained in our previous Order with respect to this claim. We found previously that Plaintiff could not prove her claim of intentional infliction of emotional distress because she has not alleged that she suffered severe or extreme emotional distress as a result of Defendants' actions. Although Plaintiff was arguably faced with circumstances including battery and public humiliation from having to be forced into a mental institution, she still has not alleged any facts pointing to any extreme emotional distress as a result of these incidents. Plaintiff has simply made a conclusory allegation.

Plaintiff's claim as to intentional infliction of emotional distress as to all Defendants, therefore, will be dismissed without leave to amend.

**4.  Intentional Interference with Advantageous Economic Relations**

In Nevada, Plaintiff claiming intentional interference with advantageous economic relations must prove a prima facie case including: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of defendant's conduct." <u>Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.</u>, 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (1988)(citations omitted).

15

We find that Plaintiff has failed to plead the first three elements required for a claim of interference with advantageous economic relations.  Although Plaintiff has shown that she sought a job with Washoe County Sheriff's Department, she has failed to show that such a search amounted to "a prospective contractual relationship."  Plaintiff has not provided information on whether Washoe County was indeed hiring, and whether there were indeed "prospective contractual relations."

In addition, although Plaintiff has demonstrated that Defendants refused to send over Plaintiff's employment records, she has failed to plead that Defendants' intent in not sending over the records was to prevent a contractual relationship between Plaintiff and the Sheriff's Department.

Because Plaintiff has failed to plead that Defendants intended to harm a prospective contractual relationship and that Plaintiff and the Sheriff's Department were indeed in a "prospective contractual relationship," Plaintiff's claim of interference with prospective contractual relations will be dismissed with leave to amend.

**IT IS HEREBY ORDERED** Defendants' Motion to Dismiss (#33) as to Claim I (procedural due process) and Claim VII (intentional infliction of emotional distress) is **GRANTED** without leave to amend.  Defendants' Motion to Dismiss (#33) Claim I (substantive due process) is **DENIED**.  Defendants' Motion to Dismiss (#33) Claim VI (defamation) and Claim XI (Interference with Prospective Economic Advantage) are **GRANTED** with leave to amend.

16

1   Plaintiff shall have fifteen (15) days within which to file a
2 second amended complaint.

3

4 This 15th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

17